


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SALIM ABDUL-MALIK, a/k/a MUJTABE
ATTIA, f/k/a VON KNOLDEN,

Plaintiff,

v.

OFFICE OF COURT ADMINISTRATION;
UNIFIED COURT SYSTEM FOR THE 11TH
JUDICIAL DISTRICT; MARIA L. BRADLEY;
SHERRILL SPATZ; KELLY ANN PORTER;
TAMARA KERSH; R. TEICHMAN; KEVIN
MORRISSEY, ESQ.; SUSAN WOODS;
AUDREY PHEFFER; FRANCIS KENNA, ESQ.;
KEVIN ROTHERMEL; PAT KELLY; DANIEL
FRIEDMAN, ESQ.,

Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
18-CV-7361 (AMD) (SMG)

ANN M. DONNELLY, United States District Judge:

On December 21, 2018, the *pro se* plaintiff filed the above-captioned action against the judicial branch of New York state, its administrative office, and individuals involved in his ongoing state court proceeding regarding a parcel of real property located in Queens County alleging, among other things, civil rights violations pursuant to 42 U.S.C. § 1983. The plaintiff also filed a request to proceed *in forma pauperis*. The issue underlying this and the state court action is whether the plaintiff or his brother inherited the family home from their father. The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. The complaint is dismissed for the reasons set forth below.

## I. Background

The following information is drawn from the plaintiff's complaint and the attached documents, the allegations of which are assumed to be true for purposes of this Memorandum and Order. The plaintiff is a citizen of Liberia, and has lived in Accra, Ghana since his 2006 deportation from the United States because of a criminal conviction. On December 21, 2018, he submitted two spiral-bound volumes: a 261-page rambling and incoherent complaint, and 253 pages of exhibits relating to his lawsuit against his brother and his communications with and complaints against court employees.

The Court was able to extract the following relevant information from the plaintiff's submission. The plaintiff filed a lawsuit, *Salim Abdul-Malik v. Gerald Knowlden*, Index Number 1817/2018, in April of 2018 in New York State Supreme Court, Queens County. The case concerns the ownership of property located at 120-28 198th Street in Queens County (Block 12683, Lot 0017). The plaintiff claims that he owns the property, while his brother, Gerald Knowlden, says that he is the owner. It appears that in 1996 the plaintiff filed a deed in New York City claiming that he owned the property as the sole heir of their father, Kaiser Knowlden. Gerald Knowlden argues that he is the rightful owner and acquired title by adverse possession, because he and his family have lived in the home for more than ten years, paying all taxes and utilities, and because the plaintiff has been in Ghana since 2006. Knowlden also says that the deed the plaintiff filed was fraudulent because the plaintiff is not the sole heir. The state court denied the plaintiff's order to show cause on October 26, 2018. (ECF No. 1-1 at 168-69.) The state court action is apparently still pending. (*See id.* at 32-33.)

The plaintiff has also filed administrative complaints against a host of state court employees whose duties included processing the plaintiff's case, and against the attorney who

represented his brother in state court. Now, he files this lawsuit, apparently in an effort to relitigate his ownership of the property in federal court and to sue the state court, its office of administration, eleven of its employees, and his brother's lawyer, alleging that they have mishandled his case in violation of his equal protection and due process rights. He seeks an injunction against the court's employees' "tradition of discarding pleadings/papers of litigants" and damages.

## II. Standard of Review

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## III.  Discussion

### A.  Prolix Complaint Fails to Satisfy Rule 8

The complaint does not satisfy Federal Rule of Civil Procedure 8, which requires the plaintiff to provide a short, plain statement of claim so that the defendants have adequate notice of the claims against them, and know whether there is a legal basis for recovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) ("fair notice" is "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

The Court's obligation to construe a *pro se* complaint liberally does not require the Court to hunt through a voluminous submission to figure out what it means, whether there is a valid claim, or whether the Court has jurisdiction. "The statement [of claim required by Fed. R. Civ. P. 8] . . . should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Shomo v. State of New York*, 374 Fed. Appx. 180, 182 (2d Cir. Apr. 22, 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'"); *Gonzalez v. Wing*, 113 F.3d 1229, at *1 (2d Cir. 1997) (unpublished opinion) (affirming dismissal of *pro se* plaintiffs' 287-page "incredibly dense and verbose" complaint); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, single-spaced complaint that "contained a labyrinthian prolixity of unrelated

and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8").

The plaintiff's complaint is overly long, circuitous, and confusing. It is impossible to determine from the plaintiff's submission—which is more than 500 pages long—the factual basis for his claims or even the nature of his claims; he cites an assortment of federal and state provisions, but none of them provide a basis for this lawsuit.[1] The most that can be gleaned from the complaint is that the plaintiff is dissatisfied with the process in state court. The complaint fails to comply with Rule 8 and is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Judicial and Eleventh Amendment Immunity

Moreover, eleven of the twelve[2] defendants are immune from this lawsuit. Although his claims against them are unclear, the plaintiff has named the following defendants: the Office of Court Administration; Unified Court System for the 11th Judicial District; Maria L. Bradley, law clerk to the Honorable Jeremy Weinstein; Kevin Morrissey, Esq., legal secretary to the Honorable Leonard Livote, the state court justice assigned to the plaintiff's case; Sherrill Spatz and Kelly Ann Porter, Inspector General and Managing Inspector General, respectively, of the Office of Court Administration and to whom the plaintiff made complaints about Queens County Supreme Court employees; and Tamara Kersh, R. Teichman, Susan Woods, Audrey Pheffer,

---

[1] For example, the plaintiff cites federal criminal statutes, but a private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another person. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("the decision to prosecute is solely within the discretion of the prosecutor"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of claims brought under "criminal statutes that do not provide private causes of action"). Nor does the complaint state a claim under any of the civil statutes to which he cites.

[2] Only one defendant is not a state agency or employee: Daniel Friedman, the attorney who represented the plaintiff's brother in the state court action.

Francis Kenna, Kevin Rothermel and Pat Kelly, all employees of the Queens County Clerk's Office.

"Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). The Unified Court System is the judicial branch of New York state government, and the Office of Court Administration is a state agency; both therefore have Eleventh Amendment sovereign immunity from suit. *See Gollomp*, 568 F.3d at 368 (holding that "the New York State Unified Court System is unquestionably an 'arm of the State' and is entitled to Eleventh Amendment sovereign immunity" (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) (the Office of Court Administration "is an arm of the state" and therefore enjoys the same Eleventh Amendment immunity as the state itself). Likewise, the claims for monetary damages against the defendant court clerks and the Inspectors General of the Office of Court Administration in their official capacities are barred by the Eleventh Amendment. *See Caldwell v. James*, No. 14-CV-5384, 2015 WL 427980, at *3 (E.D.N.Y. Jan. 30, 2015) (claims against state officers, including court clerks, are "clearly barred by the Eleventh Amendment"); *Edelman v. Jordan*, 415 U.S. 651, 663; *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) ("suits against states and their officials seeking damages for past injuries are firmly foreclosed by the Eleventh Amendment").

Judicial immunity protects the remaining two state employee defendants: Maria L.

Bradley, law clerk to the Honorable Jeremy Weinstein and Kevin Morrissey, Esq., legal

secretary to the Honorable Leonard Livote, with respect to discretionary acts that implement

judicial decisions or that are performed at the discretion or under the supervision of a judge.

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from

suit, not just from the ultimate assessment of damages") (citation omitted); *Gollomp v. Spitzer*,

568 F.3d 355, 365 (2d Cir. 2009) (extending immunity to state court judge's law secretary);

*Olivia v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (extending "absolute judicial immunity" to a law

clerk to a federal judge because "law clerks are simply extensions of the judges at whose

pleasure they serve. . . . [F]or purposes of absolute judicial immunity, judges and their law clerks

are as one.") (internal citation and quotation marks omitted)).

Thus, the plaintiff's claims seeking monetary relief against these defendants who are

immune from such relief are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## C. Non-State Actor

The plaintiff also names Daniel Friedman, the attorney who represented the plaintiff's

brother in the state court action. A claim for relief under § 1983 must allege facts showing that

the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42

U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or

entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting

*Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163,

173 (1972); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Am. Mfrs. Mut. Ins.*

*Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Because the United States Constitution regulates

only the Government, not private parties, a litigant claiming that his constitutional rights have

been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n,* 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). The plaintiff has failed to state a plausible allegation that defendant Friedman acted under color of state law for purposes of § 1983. Accordingly, the claim against him is dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court does not have the authority to intervene in an ongoing case, which the plaintiff filed in state court, simply because he does not like the pace of the state court proceeding or the methods by which it enforces its procedures. For the reasons set forth above, the plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted and because it seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The plaintiff's application for the appointment of counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED:

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: January 29, 2019
      Brooklyn, New York